IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| RHETT GAVIN STUART, | ) | Civil Action No. 0:12-373-CMC |
| | ) | |
| Plaintiff, | ) | OPINION AND ORDER |
| nove | ) | ON MOTION TO DISMISS |
| v. | ) | |
| | ) | |
| SPRINGS INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Through this action, Plaintiff, Rhett Gavin Stuart ("Stuart"), seeks recovery for injuries he suffered in a forklift rollover accident. The matter is before the court on motion of Defendant, Springs Industries, Inc. ("Springs"), to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) and (i). Springs argues that the action, which now asserts both a cause of action for "negligence, gross negligence and recklessness" and a claim for negligent failure to warn, fails as a matter of law because Stuart has not alleged facts which could support a finding that Springs owed a duty of due care to Stuart.[1]  For the reasons set forth below, this motion is denied.

**STANDARD**

A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claims that entitles him to relief. *See Edwards v. City*

---

[1] After initial consideration of the motion (then directed to Stuart's first amended complaint), the court entered a docket text order requesting supplemental briefing on potential application of the Restatement (Second) of Torts §§ 388 and 405 and allowing Stuart to file a second amended complaint to clarify his allegations and claims. Dkt. No. 21 (docket text order). The order also stated that Springs' motion to dismiss would survive any amendment. Stuart filed a Second Amended Complaint asserting an express failure to warn claim and clarifying his factual allegations. Dkt. No. 27. Both parties filed supplemental memoranda. Dkt. Nos. 28, 32. The matter is now ripe for resolution.

*of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts."  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)).  The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments."  *Id.*

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged.  *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoted in *Giarratano*, F.3d at 302).

Thus, in applying Rule 12(b)(6) the court also applies the relevant pleading standard.  Despite the liberal pleading standard of Rule 8, a plaintiff in any civil action must include more than mere conclusory statements in support of a claim.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (court need only accept as true the complaint's *factual* allegations, not its legal conclusions); *see also Walters v McMahen*, ___ F.3d ___, 2012 WL 2589229 *3 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278 (4th Cir. 2012) for proposition Plaintiff need not forecast *evidence* sufficient to prove the elements of a claim, but must allege sufficient *facts* to establish those elements).

**DISCUSSION**

Stuart alleges that Springs, as former owner of the forklift, is liable for some portion of his injuries for two reasons.  First, Stuart alleges that Springs is liable under a theory of negligence because Springs (1) failed to retrofit the forklift with seatbelts despite the manufacturer's

recommendation and related offer to complete retrofitting, (2) made the forklift more dangerous by adding a roll over protection system ("ROPS") without adding seatbelts, and (3) donated the forklift (as part of a donation of a mill and contents) to Stuart's employer without correcting the dangerous condition (absence of seat belts). Dkt. No. 27 (second amended complaint) at ¶¶ 10-21 (factual allegations); ¶¶ 30-41 (first cause of action). Second, Stuart alleges that Springs is liable under a theory of negligent failure to warn because it failed to warn Stuart, or his employer, the City of Lancaster, of the dangerous condition (absence of seat belts). Dkt. No. 27 at ¶¶ 42-55 (second cause of action).

South Carolina has adopted Section 388 of the Restatement of Torts (Second) which reads as follows:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
>
>> (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
>>
>> (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
>>
>> (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

Restatement (Second) of Torts § 388; *Claytor v. General Motors Corp.*, 286 S.E.2d 129 (S.C. 1982) (citing, *e.g.*, *Mickle v. Blackmon,* 166 S.E.2d 173 (S.C. 1969) as adopting the rule in Section 388).

Springs argues that South Carolina would not apply Section 388 to donors of property or adopt either related note c (defining suppliers to include donors) or Section 405 of the Restatement

(treating donors and lenders the same as suppliers).[2] *See* Dkt. No. 32 at 1-2. Stuart, in contrast, argues that "states which apply Section 388 routinely apply the duty to warn to donors in accordance with Section 405." Dkt. No 28 at 3. While Stuart overstates the rulings in his cited cases,[3] the text of Section 405 and note c to Section 388 suggest a reasonable possibility that South Carolina would apply Section 388 to donors such as Springs Industries. This is an important and novel question which this court declines to decide on motion to dismiss, particularly as the proper resolution may be clarified by further development of the facts. *See, e.g., Unysis Corp. v. South Carolina Budget and Control Bd. Div. of Gen. Servs.*, 551 S.E.2d 263 (S.C. 2001) (noting that, "[a]s a general rule, important questions of novel impression should not be decided on a motion to dismiss" unless development of the record will not aid in the resolution of the issues).

Springs also argues that Stuart's claim under Section 388 fails as a matter of law because he has not alleged facts which would support findings that Springs' donation of the forklift and Stuart's later injury met the criteria of subparts (a) through (c) of Section 388. Most critically, Springs argues

---

[2] Section 405 reads as follows: "One who directly or through a third person gives or lends a chattel for another to use knowing or having reason to know that it is or is likely to be dangerous for the use for which it is given or lent, is subject to the same liability as a supplier of the chattel."

[3] The three cases Stuart cites each involve gratuitous lenders (who retain ownership of the property) rather than donors (who give up ownership of the property). Thus, his cases do not support the proposition for which they are cited. *See Metz v. Haskell*, 417 P.2d 898, 899-900 (Idaho 1966) (applying Section 388 in holding that genuine issues of material fact precluded summary judgment for motel owner who loaned defective ladder to service technician who was injured when ladder failed); *Dingler v. Moran*, 479 S.E.2d 469, 470-71 (Ga. App. 1996) (holding individual who allowed family member to use power tools, including table saw, was supplier under Section 388 but was entitled to summary judgment because the danger of using the table saw was open and obvious (even though defendant had removed a guard)); *Pagano v. Occidental Chem. Corp.*, 629 N.E.2d 569, 575 (Ill. App. 1994) (applying Section 388 in holding genuine issues of material fact precluded summary judgment for business which loaned dolly to individual removing drums from business's facility where evidence would support findings dolly was not appropriate for purpose for which it was loaned and dolly's deficiencies may not have been obvious).

that both Stuart (a licensed forklift operator) and his employer (which had the same notice of OSHA regulations and other employee-safety standards as Springs) would have been aware of the obvious lack of a seatbelt as well as the addition of the ROPS, thus suggesting an absence of allegations to support subpart (b) (that Springs "ha[d] no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition").

South Carolina and other states appear to treat subparts (a)-(c) of Section 388 as an affirmative defense. *See Bragg v. Hi-Ranger, Inc.*, 462 S.E.2d 321, 332 (S.C. Ct. App. 1996) (referring to these subparts as a "sophisticated user *defense*" and noting that this "*defense* has been adopted by numerous jurisdictions") (emphasis added).[4] It follows that the burden of pleading and proving this defense rests on Springs. In any event, Springs' arguments rest, at least in part, on facts which are not in the record. Under these circumstances, the court concludes that the issue of application of Section 388 should not be resolved on motion to dismiss.

The court is also not persuaded that Stuart's negligence claim fails as a matter of law to the extent founded on allegations that Springs *created* the risk by modifying the forklift to include a ROPS without also adding a seatbelt. On the present record, the court cannot conclude as a matter of law that Springs' alleged creation of the risk is not enough to present special circumstances allowing imposition of a duty of due care. *See generally McCullough v. Goodrich & Pennington Mortg. Fund,* Inc., 644 S.E.2d 43 (S.C. 2007) (listing five recognized bases for imposing a duty of

---

[4] *See also Bragg*, 462 S.E.2d at 332 (discussing Fourth Circuit decision which applied Maryland law in holding that, under Section 388, "it is not the specific knowledge of the intermediary [employer] that is relevant. Rather, the question is whether the supplier . . . acted reasonably in assuming that the intermediary would recognize the danger and take precautions to protect its employees.").

due care but noting that the law "will not extend the concept of a legal duty of care in tort law beyond reasonable limits").[5]

**CONCLUSION**

For the reasons set forth above, Springs Industries, Inc.'s motion to dismiss is denied in full. Denial is without prejudice to Springs' right to raise related arguments on motion for summary judgment.

IT IS SO ORDERED.

                                                    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 20, 2012

---

[5] In *McCullough*, the South Carolina Supreme Court explained as follows: "In order for liability to attach based on a theory of negligence, the parties must have a relationship recognized by law as providing the foundation for a duty to prevent an injury. . . . An affirmative legal duty may be created by statute, a contractual relationship, status, property interest, or some other special circumstance." *McCullough*, 644 S.E.2d at 46.